IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. DAVIS, JR., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:14-cv-01416 |
| | ) |
| LYLE GRABER *individually and in his* | ) Judge Mark R. Hornak/ |
| *capacity as a Police Detective for the* | ) Chief Magistrate Judge Maureen P. Kelly |
| *Investigations Unit for the Allegheny* | ) |
| *County District Attorney*, ALLEGHENY | ) |
| COUNTY, PENNSYLVANIA; | ) |
| ALLEGHENY COUNTY OFFICE OF | ) |
| THE DISTRICT ATTORNEY *and* | ) |
| STEPHEN A. ZAPPALA, JR. *individually* | ) |
| *and in his official capacity as the District* | ) |
| *Attorney of Allegheny County,* | ) |
| *Pennsylvania,* | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

AND NOW, this 31st day of March, 2016, after William S. Davis, Jr. ("Plaintiff") filed a

Complaint in the above-captioned matter (ECF No. 13) and after Defendants filed a "Motion to

Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to

State a Claim and to Dismiss Counts IV and V pursuant to Federal Rule of Civil Procedure

12(b)(1) for Lack of Subject Matter Jurisdiction," (ECF No. 18) and after a Report and

Recommendation ("R&R") was filed by Chief United States Magistrate Judge Kelly (ECF No.

25), and upon consideration of the Objections filed by Plaintiff (ECF No. 28), the Objections

filed by Defendants (ECF No. 26) and the responses in Opposition to the Objections (ECF Nos.

30 and 31) and upon independent review of the record, and upon consideration of the Magistrate

Judge's R&R, which is adopted as the Opinion of this Court as set forth below and except to the

extent modified by this Order,

IT IS HEREBY ORDERED that the Motion to Dismiss, ECF No. 18, is GRANTED in part and DENIED in part as follows:

The Motion to Dismiss is granted with prejudice as to Count I.

The Motion to Dismiss is granted with prejudice as to Count II as to claims related to the charges of criminal mischief and false swearing and as to the prosecutorial actions taken by Defendants Zappala and the ACDA as to the Stillwell case, to the extent of and for the reasons set forth in the R&R.

Further, all claims in Count II as to Allegheny County are also dismissed with prejudice for the following reasons. The Plaintiff claims that the arrest and prosecution in this Count II were undertaken in the "aggressive implementation" of a policy of the District Attorney to earn the "public trust by showing the public that police integrity and/or police accountability are important issues to them" and "as a public relations policy to show the public that they were tough on police misconduct". ECF No. 13 at ¶¶94, 152. Plaintiff does not advance any basis for the Court to conclude that such policies are in themselves unconstitutional, or that they commanded the allegedly impermissible conduct of the individual Defendants[1]. In actuality, such policies would appear to the Court to be precisely within the legitimate and lawful ken of a County's chief prosecutor. Prosecutors make decisions all of the time as to the priority they will attach to the prosecution of various criminal offenses and the allocation of resources in such regards. That the District Attorney decided (if he did so decide, which the Court will assume for these purposes to be true) as a matter of policy that the investigation and prosecution of alleged

---

[1] From this Court's review of such claims, they in reality do not address the content of a County policy, but instead assert that in furtherance of a policy (one that is facially legitimate), the Plaintiff was subjected to a false arrest and malicious prosecution. Such claims, therefore, are to be addressed in the context of such specific claims. In short, even Plaintiff's pleadings would appear to acknowledge that it is not the asserted policy, which is facially not unconstitutional, but case-specific prosecutorial efforts allegedly consistent with such policies that would allegedly violate the Plaintiff's constitutional rights. That would not put the County on the hook, given that the County policy itself is facially constitutional. Otherwise, this would be an impermissible "end run" around the "no respondeat superior" principle of *Monell v. Dept. of Social Svcs. of New York*, 436 U.S. 658 (1978).

2

criminal conduct by law enforcement officials was just such a top priority, and that such policy would enhance public confidence and trust in the law enforcement and legal systems, and that the public would have a favorable estimation of his prioritizing prosecutions in that way, so be it. There is simply no basis to plausibly conclude from the pleadings or argument of the Plaintiff that any such policy was in and of itself contrary to the Constitution. As noted above, to hold otherwise based on the alleged conduct taken to implement an otherwise constitutional policy would be tantamount to imposing vicarious or respondeat superior liability on the County for the conduct implementing such a lawful policy, which would be contrary to settled law.

As to the malicious prosecution claims of Count II related to charges of official oppression and criminal attempt, the Amended Complaint as pled fails to state a claim for relief. The Plaintiff asserts false arrest claims as to an arrest that was based on a criminal complaint issued by a judicial officer, which issuance necessarily involves that judicial officer's assessment of a probable cause affidavit. To assert a false arrest or malicious prosecution claim in such circumstances, a plaintiff's pleading must set forth specifically that a police officer knowingly and deliberately, or with reckless disregard for the truth, made material or necessary false statements or omissions to the judicial officer that led to that judicial officer's finding of probable cause and issuance of judicial process. *McGriff v. Marks,* 12-003, 2013 WL 1830948, at *5 (W.D. Pa. Apr. 30, 2013); *see Wilson v. Russo*, 212 F. 3d 781, 786-87 (3d Cir. 2010). The pleading must set forth specifically any such affirmative falsehoods/omissions and the factual/legal basis for their materiality to any reasonable judicial officer. *McGriff* at *5, *6. The "knew or should of known" assertions of the Amended Complaint in such regards fall short of that standard. *See e.g.* ECF No. 13 at ¶90. The Plaintiff may, however, file a further Amended Complaint as to such claims in an effort to fulfill the standard set by Circuit law.

Count III is dismissed with prejudice as to Defendant Zappala.

Count IV is dismissed with prejudice as to Defendant Zappala.

The Motion to Dismiss is granted with prejudice as to Count V.

The Motion to Dismiss is granted with prejudice as to Count VI as to the claim of malicious prosecution related to the charges of perjury, false swearing, unsworn falsification to authorities and official oppression relative to Michele Lang and as to the prosecutorial actions taken by Defendants Zappala and ACDA, to the extent of and for all of the same reasons as set forth above as to Count II and as set forth in the R&R. As to the malicious prosecution claims related to the charge of official oppression as to Dontae Sanders and Terri Simmons, the Amended Complaint is dismissed without prejudice but with leave to amend, for the same reasons as set forth above as to Count II and as to the official oppression and criminal attempt allegations in that Count II of the Amended Complaint. The claims against Allegheny County as to a "policy or custom" in Count VI are dismissed with prejudice, for the reasons set forth above as to Count II.

Count VII is dismissed with prejudice as to Defendant Zappala.

Count VIII is dismissed with prejudice as to Defendant Zappala.

All claims against Defendants Graber and Zappala in their official capacities are dismissed with prejudice.

As noted above, except to the extent amended by this Order, the R&R is adopted as the Opinion of this Court. The Court further concludes that as to the claims dismissed with prejudice, such dismissal is proper in that any amendment as to such matters would be futile. *See Phillips v. County of Allegheny,* 515 F. 3d 224, 244 (3d Cir. 2008); *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 114 (3d Cir. 2002).

4

The Plaintiff is hereby granted leave to file, on or before April 21, 2016 a Second Amended Compliant as to the claims in Counts II and VI which are dismissed without prejudice by this Order.[2] Should such Second Amended Complaint be filed, a response thereto pursuant to Fed. R. Civ. P. 12 shall be filed within twenty-one (21) days of its filing. If a Second Amended Complaint is not filed, then the remaining Defendants shall file an answer to the remaining portions of the Amended Complaint on or before May 6, 2016.

Mark R. Hornak
United States District Judge

cc:    Honorable Maureen P. Kelly
Chief United States Magistrate Judge

All Counsel of Record via CM-ECF

---

[2] In light of the grant of leave to amend, the Court will not address at this juncture the Defendants' claim for the application of the doctrine of qualified immunity as to certain Defendants and certain claims, given that such determinations should properly be made in the particular and specific context of the actual claims asserted, notwithstanding the rather encompassing nature of that doctrine. *See Mullenex v. Luna*, 136 S. Ct. 305, 308 (Nov. 9, 2015).