IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. DAVIS, JR.,<br>      Plaintiff,<br><br>vs.<br><br>LYLE GRABER *individually and in his capacity as a Police Detective for the Investigations Unit for the Allegheny County District Attorney*, ALLEGHENY COUNTY, PENNSYLVANIA; ALLEGHENY COUNTY OFFICE OF THE DISTRICT ATTORNEY *and* STEPHEN A. ZAPPALA, JR. *individually and in his official capacity as the District Attorney of Allegheny County, Pennsylvania,*<br>      Defendants. | Civil Action No. 14-1416<br>Judge Mark R. Hornak/<br>Chief Magistrate Judge Maureen P. Kelly |

**ORDER**

AND NOW, this 18th day of January, 2017, after William S. Davis, Jr. ("Plaintiff") filed a Second Amended Complaint in the above-captioned matter (ECF No. 43) and after Defendants filed a Motion to Dismiss that Amended Complaint, (ECF No. 45) and after a Report and Recommendation was filed by Chief United States Magistrate Judge Kelly (ECF No. 57), and upon consideration of Objections filed by Defendants (ECF Nos. 58 and 59), and the Response in Opposition to the Objections (ECF Nos. 60 and 61) and upon independent review of the record, and upon consideration of the Magistrate Judge's Report and Recommendation, which is ADOPTED as the opinion of this Court, as supplemented by the provisions of this Order.

As this Court observed in *Posey v. Swissvale Borough*, No. 12-cv-955, 2013 WL 989953, *10 (W.D. Pa. Mar. 13, 2013), it appears that the applicable rule of law in this Circuit is that if

probable cause is present as to any one count of a series of parallel criminal charges, then a §1983 malicious prosecution claim cannot obtain. *Id.* Importantly here, this Court also recognized that the law as to that question was "murky", *id.*, but the Court was to be guided by the Third Circuit's *en banc* decision in *Kossler v. Crisanti*, 564 F. 3d 181, 194 n. 8 (3d Cir. 2009), which acknowledged the preeminence of that Court's panel decision in *Wright v. City of Philadelphia*, 409 F. 3d 595 (3d Cir. 2005) on the issue[1]. As this Court noted in *Posey*, that murkiness also stands at least for the proposition that in the qualified immunity arena, it can hardly be said that a contrary rule of constitutional law is so "clearly established" such that every public actor would know that it was beyond doubt that they could face a §1983 malicious prosecution claim unless there was probable cause as to every criminal charge brought in such circumstances. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)(*per curiam*); *see also White v. Pauly*, 2017 WL 69170 (Jan. 9, 2017)(*per curiam*). Thus, the Report and Recommendation that these remaining claims be dismissed for the reasons stated is correct.

IT IS HEREBY ORDERED that the Motion to Dismiss, ECF No. 45, is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

---

[1] To the extent this Court previously in this case gave precedence to the Third Circuit's decision in *Johnson v. Knorr*, 477 F. 3d 75 (3d Cir. 2007), I was for the reasons noted in *Posey* incorrect on that point. As this Court observed in *Posey*, the murkiness of this issue was recognized by the *en banc* Court of Appeals itself in *Kossler* when it acknowledged the tension between its decisions in *Wright* and *Johnson* on this issue, and applied standing Circuit precedent to give precedence to its early decision in *Wright*.

By the Court:

*[signature]*

Mark R. Hornak
United States District Judge

cc: Honorable Maureen P. Kelly
Chief United States Magistrate Judge

All Counsel of Record Via CM-ECF